UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jessica Hastings, *et al*.,

    Plaintiffs,

v.

Abubakar Atiq Durrani, M.D., *et al*.,

    Defendants.

Case No. 1:15cv765

Judge Michael R. Barrett

## ORDER

This matter is before the Court upon the Motion for Summary Judgment filed by Defendants, Abubakar Atiq Durrani, M.D. ("Durrani") and Center for Advanced Spine Technologies, Inc. ("CAST"). (Doc. 65).

"Over the last seven years, approximately 500 plaintiff-patients (represented by the same law firm) have brought medical malpractice and other tort claims in Ohio state and federal courts against former doctor Abubakar Durrani and several hospitals in the Cincinnati area where he performed surgeries." *Luse v. Durrani*, No. 21-3560, 2022 WL 94609, at *1 (6th Cir. Jan. 10, 2022). Plaintiff Jessica Hastings is one of these plaintiff-patients. Plaintiff brings the following claims against Durrani: negligence, battery, lack of informed consent, intentional infliction of emotional distress, fraud and spoliation of evidence. Plaintiff brings the following claims against CAST: vicarious liability, negligent hiring, retention and supervision, fraud, violation of Ohio Consumer Sales Practice Act and spoliation of evidence.

Defendants maintain that Plaintiff's claims are in essence medical claims; and because the claims are medical claims, Plaintiff must establish that Durrani breached

the standard of care. Defendants argue that none of the experts presented by Plaintiff state an opinion regarding Durrani's medical care and treatment; and therefore, her claims fail as a matter of law and Defendants are entitled to summary judgment.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding whether this burden has been met by the movant, this Court views the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Sixth Circuit has found in the Durrani-related cases, for purposes of Ohio's statute of repose, Ohio Revised Code § 2305.113(C), that the claims for fraud and negligent hiring, supervision, and retention are medical claims. *Levandofsky v. Durrani*, No. 20-4104, 2021 WL 5710122, at *3 (6th Cir. Dec. 2, 2021); *Stidham v. Durrani*, No. 21-3559, 2022 WL 684574, at *2 (6th Cir. Mar. 8, 2022). Similarly, this Court has found that the claims under the Ohio Consumer Sales Protection are medical claims for purposes of the statute of repose. *Landrum v. Durrani*, No. 1:18-CV-807, 2020 WL 3512808, at *5 (S.D. Ohio Mar. 25, 2020). While Plaintiff raised the issue of the statute of repose in response to Defendants' Motion for Summary Judgment, Defendants are not seeking to dismiss Plaintiff's claims on that basis. Instead, Defendants' motion is solely based on Defendants' argument that Plaintiff has failed to name an expert to render an opinion on whether Durrani breached the standard of care in this case. The

2

Court has addressed this argument elsewhere and found it premature. (Doc. 79). Accordingly, the Motion for Summary Judgment filed by Defendants, Abubakar Atiq Durrani, M.D. and Center for Advanced Spine Technologies, Inc. (Doc. 65) is **DENIED**.

    **IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                         JUDGE MICHAEL R. BARRETT